UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MCCRORY,

       Petitioner,

                                                                     CASE NO. 2:16-CV-10137

v.                                                    HONORABLE NANCY G. EDMUNDS

TIM DONNELLON,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Anthony McCrory ("Petitioner"), an inmate at the St. Clair County Jail currently awaiting re-trial on an aggravated stalking charge in the St. Clair County Circuit Court, has filed a pro se petition challenging his state criminal proceedings, which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. §§ 2254 and/or 2241.[1] In his petition, which is rambling and difficult to read, he appears to challenge his prior state criminal proceedings and his pending, ongoing state prosecution.[2]

---

[1] Petitions filed by state prisoners challenging their convictions and sentences are brought pursuant to §2254 and petitions filed by state pre-trial detainees are brought pursuant to § 2241.  *See Phillips v. Court of Common Pleas, Hamilton Co.*, 668 F.3d 804 (6th Cir. 2012) (citing cases).

[2] To the extent that Petitioner may seek to pursue civil rights claims, he must bring them in a properly-filed civil rights action.  The requirements for pursuing a civil rights action in federal court differ from those in a habeas proceeding, including the payment of a $350.00 filing fee with a $50.00 administrative fee for a civil rights action versus a $5.00 filing fee for a habeas action.  Petitioner may not circumvent those requirements by filing a joint or hybrid action.  Accordingly, the Court declines to construe any part of his current petition in such a manner.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the habeas petition must be dismissed.

**II.   Discussion**

   **A.   Prior Proceedings**

As an initial matter, Petitioner seems to challenge his prior state trial and sentencing proceedings. To the extent that he does so, any such claims must be dismissed as moot. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). If an event occurs which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no

longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron–Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998). "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal quotations omitted).

In this case, any claims concerning Petitioner's prior aggravated stalking trial and sentencing are moot because his aggravated stalking conviction and sentence were reversed by the Michigan Court of Appeals, *see People v. McCrory*, No. 311205, 2015 WL 5567973 (Mich. Ct. App. Sept. 22, 2015), and he is awaiting a competency evaluation and retrial in the state trial court. *See* St. Clair Cir. Ct. Dkt., Case No. 11-002928-FH. There is no additional relief that this Court could grant. Any claims concerning Petitioner's prior criminal proceedings are therefore moot and must be dismissed.

### B.   Pending, Ongoing Prosecution

Petitioner also seems to challenge his pending, ongoing state criminal prosecution. A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.

*See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Urquhart v. Brown*, 205 U.S. 179, 182 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency"); *Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

Petitioner makes no such showing. To the extent that he seeks dismissal of his pending state criminal charge and release from custody, federal habeas relief is unavailable. *See Braden,* 410 U.S. at 493. To the extent that he seeks some other type of relief, he fails to show that he has exhausted available state court remedies or that special circumstances warrant pre-trial federal intervention. The Court is aware of few exceptions to this abstention doctrine and those exceptions seems to be limited to speedy trial claims, *Braden*, *supra,* double jeopardy claims, *Delk v. Atkinson*, 665 F.3d 90, 94 (6th Cir. 1981); *Gully v. Kunzman*, 592 F.2d 283, 286-87 (6th Cir. 1979), and perhaps cases of "proven harassment or prosecution undertaken by state officials in bad faith without hope of obtaining a valid conviction...." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Should Petitioner be convicted at trial, he can pursue a direct appeal in the state courts and then seek federal habeas review as necessary. Should Petitioner be acquitted at trial, his issues will be moot. The instant petition is therefore premature and must be dismissed.

Moreover, to the extent that Petitioner raises a double jeopardy claim as to his ongoing prosecution and retrial on the aggravated stalking charge, his claim lacks merit. The Fifth Amendment's Double Jeopardy Clause, applicable to the states through the Due Process Clause of the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 787 (1969), "protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982).  It is well-established, however, that "the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction."  *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988); *see also North Carolina v. Pearce*, 395 U.S. 711, 720 (1969) (citing *United States v. Ball*, 163 U.S. 662 (1896)).  Petitioner's double jeopardy claim thus lacks merit and does not warrant federal habeas relief.

## III.   Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his prior criminal proceedings is moot, that his challenge to his pending, ongoing state criminal prosecution is premature, and that his double jeopardy claim lacks merit.  His habeas petition must therefore be dismissed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that

reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* The Court concludes that reasonable jurists would not find its procedural ruling debatable and that Petitioner fails to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **DENIES** a certificate of appealability and leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2016